UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

PAMELA SMALLS,

                                Plaintiff,

v.                                              Civil Action No. _____

CONSUMER RECOVERY ASSOCIATES, LLC.,

                                Defendant.
_____

## COMPLAINT AND DEMAND FOR JURY TRIAL

### I. INTRODUCTION

1. This is an action for actual and statutory damages brought in response to Defendant's violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq*. (hereinafter "FDCPA") which prohibits debt collectors from engaging in abusive, deceptive, and unfair practices.

### II. JURISDICTION AND VENUE

2. Jurisdiction of this court arises under 15 U.S.C. §1692k(d), 28 U.S.C. § 1331, and 28 U.S.C. § 1337.

3. Venue is proper in this district under 28 U.S.C. §1391(b) in that the Defendant transacts business here and the conduct complained of occurred here.

### III. PARTIES

4. Plaintiff Pamela Smalls is a natural person residing in the County of Monroe and State of New York and is a "consumer" as that term is defined by 15 U.S.C. §1692a(3).

5. Defendant Consumer Recovery Associates, LLC., (hereinafter "CRA") is a foreign business corporation organized and existing under the laws of the State of Virginia and is a "debt collector" as that term is defined by 15 U.S.C. §1692a(6).

6. Defendant regularly attempts to collect debts alleged to be due another.

7. The acts of the Defendant alleged hereinafter were performed by its employees acting within the scope of their actual or apparent authority.

8. All references to "Defendant" herein shall mean the Defendant or an employee of the Defendant.

## IV. FACTUAL ALLEGATIONS

9. That Plaintiff's identity had been previously stolen and Plaintiff has filed reports with the police and credit reporting bureaus.

10. That upon information and belief, someone using Plaintiff's identity incurred a credit card debt to Cross Country Bank. This debt will be referred to as the "subject debt."

11. That Plaintiff does not owe the subject debt to Cross Country Bank.

12. That the subject debt arose out of a transaction in which money, services or property, which was the subject of the transaction, was primarily for personal, family and/or household purposes. As such, said debt is a "debt" as that term is defined by 15 U.S.C. §1692a(5).

13. That upon information and belief, Defendant was employed by Cross Country Bank to collect on the subject debt.

14. That in or about November, 2009, Defendant contacted Plaintiff over the telephone. Defendant informed Plaintiff they were calling in regards to a debt for a credit card from Cross Country Bank. Plaintiff informed Defendant that the debt was not hers and that she had never even heard of Cross Country Bank. Defendant then became upset and aggressive towards Plaintiff, and sarcastically asked Plaintiff "someone else paid on this debt for three years, and it's not yours?" Plaintiff again told Defendant that the debt was not hers and that she had her identity stolen, and Defendant hung up on her.

15. That in or about November, 2009, Plaintiff called Defendant back after being hung up on and explained that the debt was not hers. Defendant became very rude and stated that they already sent a form to the IRS to garnish her tax return and the conversation was terminated.

16. That as a result of Defendant's acts Plaintiff became nervous, upset, anxious, and suffered from emotional distress.

## V. CAUSE OF ACTION

17. Plaintiff repeats, re-alleges and incorporates by reference the allegations contained in paragraphs 1 through 16 above.

18. The conduct of Defendant as described in this complaint violated the Fair Debt Collection Practices Act (15 U.S.C. §1692 et seq.) as follows:

    A. Defendant violated 15 U.S.C. §1692d by asking Plaintiff sarcastic questions and abruptly hanging up on Plaintiff.  The natural consequence of such action was to harass, oppress, and abuse the Plaintiff.

    B. Defendant violated 15 U.S.C. §1692f by attempting to collect a debt that Plaintiff does not owe, and is an unconscionable and unfair means to attempt to collect a debt.

    C. Defendant violated 15 U.S.C. §1692e, 15 U.S.C. §1692e(4), 15 U.S.C. §1692e(5) by stating to Plaintiff that a form was sent to the IRS to garnish her tax return.  Said action was a false, deceptive, and misleading representation in connection with debt collection.

19. That as a result of the Defendant's FDCPA violations as alleged herein, Plaintiff became nervous, upset, anxious and suffered from emotional distress.

**WHEREFORE**, Plaintiff respectfully requests that judgment be entered against the Defendant for:

    (a)  Actual damages;

    (b)  Statutory damages for pursuant to 15 U.S.C. § 1692k.

    (c)  Costs, disbursements and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k.

    (d)  For such other and further relief as may be just and proper.

## VI. JURY DEMAND

Please take notice that Plaintiff demands trial by jury in this action.

Dated: January  20, 2010

    /s/ Kimberly T. Irving_____
Kenneth R. Hiller, Esq.
Kimberly T. Irving, Esq.
Law Offices of Kenneth Hiller, PLLC
*Attorneys for the Plaintiff*
6000 North Bailey Ave., Suite 1A
Amherst, NY 14226
(716) 564-3288
Email: khiller@kennethhiller.com
      kirving@kennethhiller.com